UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

LETITIA HOLLOWAY,

    Plaintiff,

v.                                            Case No.

JONATHAN MEJIAS-RIVERA,
LISA SAFFOLD and CITY OF MILWAUKEE    JURY TRIAL DEMANDED
POLICE DEPARTMENT,

    Defendants.

---

# COMPLAINT

---

NOW COMES the Plaintiff Letitia Holloway, by and through her counsel, and for her Complaint against the above-named Defendants, alleges the following:

## JURISDICTION AND VENUE

1. This action is brought under three federal statutes, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981 and § 1983 of the Rehabilitation Act. Accordingly, jurisdiction is conferred by 28 U.S.C. § 1331.

2. Venue is proper because the acts complained of all occurred in this district.

## THE PARTIES

3. Plaintiff Letitia Holloway ("Plaintiff" or "Holloway") is a Detective with the City of Milwaukee's Police Department ("Police Department"). Her employment began in June 2014. She resides at 8567 W. Grantosa Drive, Milwaukee, WI 53225. She is a citizen of the State of Wisconsin.

4. The City of Milwaukee Police Department's principal place of business is 749 W. State Street, Milwaukee, WI 53233.

5. Defendant Jonathan Mejias-Rivera is a Sergeant with the Milwaukee Police Department. He resides at 5034 Spruce Court, Greendale, WI 53129 and is a citizen of the State of Wisconsin.

6. Lisa Saffold is a Lieutenant with the Milwaukee Police Department. She resides at 1737 S. Layton Boulevard, Milwaukee, WI 53215 and is a citizen of the State of Wisconsin.

7. Defendants Jonathan Mejias-Rivera ("Mejias-Rivera"), Lisa Saffold ("Saffold"), and Milwaukee Police Department (collectively, "Defendants") have discriminated against Plaintiff based on her sex and race, have unlawfully harassed her and subjected her to a hostile work environment and have retaliated against her for complaining about discriminatory treatment. The Defendants actions violated Title VII of the Civil Rights Act and § 42 U.S.C. § 1981 and § 1983.

## PROCEDURAL PREREQUISITES

8. Plaintiffs filed a charge of discrimination against the Milwaukee Police Department with the EEOC on April 12, 2022. The charge alleged race and sex discrimination and retaliation. The EEOC issued a right to sue notice on November 2, 2023.

## STATEMENT OF FACTS

9. Plaintiff is a current employee of the City of Milwaukee's Police Department with the rank of Detective. Her employment began in June of 2014. In January 2022, Holloway was assigned to the Sensitive Crimes Division.

10. Defendants Mejias-Rivera and Saffold are current employees of the City of Milwaukee's Police Department.

11. On January 26, 2022, Sergeant Mejias-Rivera and Plaintiff were assigned to the "night" or "late" shift, which generally ran from 11:00 pm to 7:00 am.

12. Mejias-Rivera was new to the Sensitive Crimes Division in January 2022. He had just been stationed there.

13. During the January 26th night shift, Mejias-Rivera spoke with two members of the Division regarding vacation picks. Plaintiff was working at her desk with headphones when someone got her attention. She removed the headphones, contributed to the vacation conversation and then put her headphones back on her head.

14. Mejia-Rivera then got Plaintiff's attention again. He commented to Plaintiff that she seemed "bitter." Plaintiff did not appreciate the comment and did not like being stereotyped. Mejias-Rivera then stated, "You are an angry Black woman." Mejias-Rivera later sent a text saying he was being sarcastic.

15. Following Mejias-Rivera's "angry black woman" statement in subsequent shifts, Mejias-Rivera enforced arbitrary rules against Plaintiff and subjected her to criticism in front of her peers. This included accusing Plaintiff during roll call of being passive-aggressive, disrespectful and not following directives as it relates to leaving the building without informing Defendant Mejias-Rivera.

16. On January 31, 2022, Plaintiff complained to Captain Lucretia Turner that Mejias-Rivera was creating a hostile work environment for her.

17. On February 1, 2022, Plaintiff filed a complaint memorandum with the Milwaukee Fire and Police Commission via the City of Milwaukee's Department of Employee Relations detailing the discrimination she endured based on her race and sex by her direct supervisor, Sergeant Mejias-Rivera.

18. Defendant Saffold was assigned to investigate the allegations against Mejias-Rivera. Defendant conducted a discriminatory and retaliatory investigation designed to justify Mejias-Rivera's conduct. Defendant Saffold never interviewed Plaintiff as part of the investigation and made excuses as to why she failed to do so. Ultimately the Fire and Police Commission determined that Saffold's investigation was biased.

19. Plaintiff also filed a formal complaint to the City of Milwaukee's Fire and Police Commission ("FPC") on February 1, 2022.

20. For filing her complaint, Plaintiff was retaliated against by being transferred to the Criminal Investigation Bureau ("CIB") from her former assignment at Sensitive Crimes Division ("SCD"); it is common knowledge among the police department that this is a less desirable position and assignment.

21. An anonymous complaint was also filed against Defendant Mejias-Rivera with the Milwaukee Police Department's internal affairs division. The investigation was suspended per SOP 450.70(A)(3), which states that when a complaint is filed with both the FPC and the department, a determination will be made "whether the department or FPC will conduct an independent or joint investigation."

22. FPC proceeded with their independent investigation and lead investigator, Diana Perez for the FPC, concluded after interviewing 13 members of the department that formal charges be brought against three supervisory members (Mejias-Rivera, Saffold, and Turner) regarding their supervision and treatment of Plaintiff.

23. In accordance with SOP 540.70(1)(4), FPC Executive Director, Leon W. Todd, determined the complaint should be resolved with a Citizen Complaint trial, pursuant to FPC Rule XV Section 4. This was communicated to Plaintiff on June 7, 2022.

4

24. The first phase of the trial in front of FPC Commissioners occurred on November 16-17, 2022. Plaintiff was present and actively participated in the trial. As a result of the trial, charges of unlawful employment discrimination were sustained against Saffold and Mejias-Rivera.

25. Phase two of the trial begun December 21, 2022.Following the disciplinary trial, the FPC found that both Defendants Mejias-Rivera and Saffold violated the Department's Equal Opportunity Policy in their treatment of Plaintiff.

## COUNT I
### (Violation of Title VII – Against the Police Department)

26. Plaintiff repeats the foregoing paragraphs as if fully restated herein.

27. Plaintiff is an African American female and a member of a protect class.

28. The Police Department's unlawful discrimination and retaliatory conduct was based on her race and sex and her complaints about hostile work environment.

29. Similarly situated Caucasian males were treated more favorably.

30. As a result of the Police Department's actions, Plaintiff has suffered emotional and physical distress. She had to take significant time off work to deal with the anxiety, mental anguish, inconvenience, loss of enjoyment of life, a shift in her duties and assignments which could be construed as a demotion not in pay, but in status within the Department and shame the Defendants have put her through. She is worried she will not be able to move past the rank of Detective and fears that her reputation has been questioned by not only her supervisors, but current and future peers.

## COUNT II
### (42 U.S.C. § 1981 – All Defendants)

31. Plaintiff repeats the foregoing paragraphs as if fully restated herein.

32. Plaintiff is an African American female and is a member of a protected class.

33. Plaintiff was similarly situated to individuals not of the protected class such as male Caucasian coworkers.

34. Defendants Mejias-Rivera and Saffold treated Plaintiff differently than other similarly situated male employees without a legitimate governmental purpose of doing so.

35. As a result of the Police Department's actions, Plaintiff has suffered emotional and physical distress. She had to take significant time off work to deal with the anxiety, mental anguish, inconvenience, loss of enjoyment of life, a shift in her duties and assignments which could be construed as a demotion not in pay, but in status within the Department and shame the Defendants have put her through. She is worried she will not be able to move past the rank of Detective and fears that her reputation has been questioned by not only her supervisors, but current and future peers.

## COUNT III
### (42 U.S.C. § 1983 – Against Mejias-Rivera and Saffold)

36. Plaintiff repeats the foregoing paragraphs as if fully restated herein.

37. Plaintiff is an African American female and is a member of a protected class.

38. Plaintiff was similarly situated to individuals not of the protected class such as male Caucasian coworkers.

39. Defendants Mejias-Rivera and Saffold treated Plaintiff differently than other similarly situated male employees without a legitimate governmental purpose of doing so.

40. Defendants Mejias-Rivera and Saffold were personally involved in the constitutional violations of Plaintiff.

41. Defendants Mejias-Rivera and Saffold actions with respect to Plaintiff were motivated by a discriminatory and retaliatory purpose, in violation of Plaintiff's constitutional rights to equal protection under the law.

42. Defendants Mejias-Rivera and Saffold acted with discriminatory intent.

43. As a direct and proximate result of this equal protection violation, Plaintiff suffered damages, including those set forth in paragraph 35.

WHEREFORE, the Plaintiff demands judgment as follows:

A. Plaintiff seeks an order directing Defendants not to further retaliate against Plaintiff and to assign Plaintiff to the first shift.

B. Plaintiff requests compensatory and punitive damages.

C. Reinstatement of paid time off days which had to be used to address the deal with the emotional and physical distress these situations have caused her. She had to take significant time off work to deal with the anxiety, mental anguish, inconvenience, loss of enjoyment of life, a shift in her duties and assignments which could be construed as a demotion not in pay, but in status within the Department and shame the Defendants have put her through.

D. Plaintiff seeks an order directing Defendants to refrain from harassing comments to Plaintiff and to create a safe, working environment for not just Plaintiff, but all members of the department.

E. That attorney's fees and costs be awarded to Plaintiff.

F. For such other and further relief as may be just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims herein.

Dated: January 31, 2024.

**HANSEN REYNOLDS, LLC**

By: /s/ Michael C. Lueder
    Michael C. Lueder, SBN 1039954
    Hansen Reynolds, LLC
    301 N Broadway, Suite 400
    Milwaukee, Wisconsin 53202
    mlueder@hansenreynolds.com
    Telephone: 414-455-7676
    Facsimile: 414-273-8476

*Attorneys for Plaintiff*