UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LETITIA HOLLOWAY,

           Plaintiff,

v.                                   Case No. 24-CV-134

JONATHAN MEJIAS-RIVERA,
LISA SAFFOLD, and
CITY OF MILWAUKEE,

           Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Lisa Fossier, f/k/a Lisa Saffold, (herein after "Fossier") by and through her specially appearing attorneys Evan C. Goyke, City Attorney, and Katherine A. Headley, Assistant City Attorney, now brings this memorandum in support of her motion to dismiss the complaint against her on the grounds that service of the summons and complaint was ineffectual, pursuant to Federal Rule of Civil Procedure 12(b)(5).

### FACTS

Plaintiff, Letitia Holloway, a current employee of the City of Milwaukee Police Department (MPD), filed a Charge of Discrimination with the Equal Employment Opportunity Commission and subsequently, on November 2, 2023, received a 90-day Right-to-Sue Notice. (Headley Declaration ¶ 4.) Plaintiff filed her initial complaint against the City of Milwaukee Police Department, MPD Sergeant Jonathan Mejias-Rivera, and Fossier on January 31, 2024—day 90 from receiving the 90-day Notice. (EFC 1.) Plaintiff filed an amended complaint on April 24, 2024. (EFC 4).

Pursuant to the affidavit of substitute service, at 10:20 a.m. on April 30, 2024, Joe Glish, a process server with Professional Process Servers, delivered a summons, complaint, civil cover sheet, disclosure statement, consent to proceed in before a magistrate judge, and jury trial demanded amended complaint to Linda Mulheron at 1737 S. Layton Boulevard in Milwaukee. (ECF 7). Mulheron allegedly advised Glish that Fassier was her niece and lived at the residence. (ECF 7). No waiver of service was provided with the complaint. (ECF 7).

Related to Fossier, the only accurate aspect of the affidavit is Mulherson's relationship to Fossier. Fossier does not live at 1737 S. Layton Boulevard in Milwaukee. (Fossier Decl. ¶ 7). Fossier's mother, Charleen Sanchez, and Mulherson reside at 1737 S. Layton Boulevard, Milwaukee Wisconsin. (Fossier Decl. ¶ 6). Mulherson has dementia and is in need of consistent caretaking, which Fossier's mother and other family members provide. (Fossier Decl. ¶ 5).

## ARGUMENT

Fossier submits that service as indicated on the affidavit of substitute service was ineffectual and requests that this Court dismiss the action against her. Federal Rules of Civil Procedure 4 provides that the plaintiff is responsible for having individual defendants served with the relevant summons and complaint within 90 days. Fed. R. Civ. P. 4(c), (4m). Rule 4 also provides the rules for serving an individual within a judicial district of the United States, specifically outlining four (4) manners in which an individual may be served: (1) following Wisconsin civil procedure statutes for service of process;[1] (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of each at the individual's home

---

[1] Pursuant to Wis. Stat. § 801.11(1), service may be effectuated by personally serving the summons and complaint on the named defendant, leaving a copy of the summons and complaint at the defendant's home with either a competent family member 14 years or older, or a competent adult currently residing in defendant's home, or publication and mailing, if defendant cannot be served in any other manner.

2

with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e).

Before a district court can exercise personal jurisdiction over a defendant, "the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The service requirement is not satisfied merely because the defendant is aware that she has been named in a lawsuit or has received a copy of the summons and complaint. *McMasters v. United States*, 260 F.3d 814, 17 (7th Cir. 2001). "[T]he preferred approach [for service of process] is for the plaintiff to mail the defendant a copy of the complaint and summons and obtain a waiver of personal service from the defendant under Rule 4(d)." *United States v. Ligas*, 549 F.3d 497, 500-01 (7th Cir. 2008). A plaintiff bears the burden of demonstrating that a district court has jurisdiction over each defendant through effective service. *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). If, on its own or on a defendant's motion, a district finds that a plaintiff has not met that burden and lacks good cause for not perfecting service, the court must either dismiss the suit or specify a time in which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m). The decision to dismiss or extend time is discretionary. *Ligas*, 549 F.3d at 501.

Here, as demonstrated by the attached declarations and record before this Court, Plaintiff purportedly served Fossier at a house in which she did not live, with a person who was incompetent to receive service, on the last possible day that service could be effected. Although the Court's preferred approach to effectuating service is providing a waiver of service with the summons and complaint, Plaintiff chose to not do so. Instead, Plaintiff decided to serve all defendants separately, and is so doing, did not perfect service on Fossier. While Mulherson indicated that Fossier lived at the Layton Boulevard property, she does not possess the requisite mental capacity to recall who is living at the home and provided inaccurate information to the process server.

3

Plaintiff cannot establish that she had good cause for not perfecting service within the 90 days she had to serve Fossier. Demonstrating the lack of good cause for proper service on Fossier, Plaintiff was able to effectuate service on the two other defendants (the City of Milwaukee and Sergeant Jonathan Mejias-Rivera) with no issue in the appropriate timeline. It is also telling that Fossier remains employed with the same employer as Plaintiff, and could have personally served Fossier while at work, eliminating the need for substitute service.

While Fossier recognizes that this Court has the discretion to enlarge the time for Plaintiff to effectively submit service to her (*e.g.*, *Ligas*, 549 F.3d at 501), it should instead dismiss this case against her. As indicated by the record, Plaintiff has waited until the eleventh hour to submit an initial complaint, and similarly waited to file and serve the operative amended complaint. If, however, this Court does grant an extended period for Plaintiff to serve Fossier, she requests that the time period be brief, so as to not interfere with the ongoing proceedings.

## CONCLUSION

Based upon the reasons stated above, Fossier requests that this Court dismiss the matter against her. In the alternative, Fossier requests that the court extend the time period to properly serve her be limited to one week.

Dated and signed at Milwaukee, Wisconsin this 17th day of May, 2024.

EVAN C. GOYKE
City Attorney

s/ Katherine A. Headley
Katherine A. Headley
Assistant City Attorney
State Bar No. 1115841
*Attorneys for Defendants*

ADDRESS:
800 City Hall
200 East Wells Street
Telephone: 414-286-2601
Fax: 414-286-8550
Email: khead@milwaukee.gov
1032-2024-734:291177