UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LETITIA HOLLOWAY,

           Plaintiff,

    v.                                    Case No. 24-CV-134

JONATHAN MEJIAS-RIVERA, et al.,

           Defendants.

ORDER

Defendant Lisa Saffold moves to dismiss the complaint against her for lack of adequate service. (ECF No. 9.) Plaintiff Letitia Holloway does not dispute that service on Saffold was ineffective. (ECF No. 16.) But she asks to file a second amended complaint and then serve that. (ECF No. 17.)

In seeking leave to file a second amended complaint, Holloway failed to comply with Civil Local Rule 15(b). Perhaps this is because she does not intend to file a complaint that is any different from her amended complaint. She apparently seeks to file a second amended complaint merely to reset the clock for service. Filing a second amended complaint merely to effect service on Saffold is inefficient and unnecessary.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P.4(m).

Holloway has shown good cause for her failure to timely serve Saffold. A process server attempted to serve Saffold at her mother's address. A woman at that address identified Saffold as her niece and confirmed that Saffold lived there. (ECF No. 10 at 2.) Apparently unbeknownst to the process server or Holloway, Saffold had not lived at the address for months and her aunt's statement to the contrary was a result of her severe dementia. (ECF No. 12.) These circumstances readily establish good cause for extending the deadline by which Holloway must serve Saffold.

Saffold's discussion of the timeliness of service vis-à-vis Title VII and Holloway's receipt of a right to sue letter (ECF No. 10) is beside the point. Holloway has not presented any Title VII claim against Saffold. Nor could she. A plaintiff may pursue a Title VII claim only against an employer. An individual, even a supervisor, is not an employer for purposes of Title VII. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998).

**IT IS THEREFORE ORDERED** that Saffold's motion to dismiss (ECF No. 9) is **denied**. Holloway shall serve Saffold no later than **July 31, 2024**.

**IT IS FURTHER ORDERED** that Holloway's motion to file a second amended complaint (ECF No. 17) is denied.

Dated at Milwaukee, Wisconsin this 1st day of July, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge